COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BRENDA McCROUAH WILLIS

                                        MEMORANDUM OPINION[*]
v.   Record No. 0480-97-3                 PER CURIAM
                                         JULY 29, 1997
CARILION HEALTH SYSTEM AND
 PENNSYLVANIA MANUFACTURING
 ASSOCIATION INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Rhonda L. Overstreet; Lumsden & Overstreet,
          on brief), for appellant.

            (Richard D. Lucas; Carter, Brown & Osborne,
          on brief), for appellees.


     Brenda Willis contends that the Workers' Compensation

Commission (commission) erred in finding that she failed to prove

that her back condition was causally related to her compensable

September 29, 1994 injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party.  See R.G. Moore Bldg. Corp. v. Mullins,

10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     So viewed, the evidence established that on September 29,

1994, while entering her workplace, Willis sustained injuries

when she tripped on a defect in the sidewalk.  Willis sought

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

treatment at an emergency room, complaining of right ankle and knee pain. Dr. George D. Henning, an orthopedic surgeon, treated Willis on three occasions between October 20 and December 1, 1994 for a right ankle sprain. Willis did not complain of back pain during any of these office visits. However, Willis testified that her back symptoms began at the time of the September 29, 1994 accident. On June 7, 1996, Dr. Henning opined that Willis did not sustain a back injury as a result of her September 29, 1994 fall, but that her back condition was an ongoing problem unrelated to the fall.

On June 14, 1995, Willis came under the care of Dr. Ward W. Stevens, a neurosurgeon. Dr. Stevens performed surgery on Willis' back on two occasions. After learning of Willis' delay in reporting her back pain, Dr. Stevens agreed during his deposition testimony that he would have to defer to Dr. Henning's opinion regarding causation.

In denying Willis' application, the commission found as follows:

> The burden is upon [Willis] to establish by a preponderance of the evidence that she sustained some back injury, or aggravation of a preexisting condition, in the compensable accident. She claims back pain at the time of the fall and explains the delay of at least two months in mentioning these symptoms to her employer. However, in the final analysis, the treating physicians do not relate her back condition to the fall. In this regard, we also note the employer's evidence as to the back complaints, but even at that time, the employer denies any notice that these complaints were caused by the earlier fall.

2

Based upon the delay in Willis' reporting of her back pain and upon the lack of any persuasive medical evidence causally connecting her back pain to the compensable industrial accident, we cannot say as a matter of law that Willis' evidence sustained her burden of proof.  Accordingly, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

For these reasons, we affirm the commission's decision.

Affirmed.

3